# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| CHRISTIAN GOLIBART and BROOKLYN MICHELLE,<br>    *Plaintiffs*<br><br>TIFINI FURST and GAYLE HAVEL BLUM,<br>    *Intervenors*<br><br>v.<br><br>COMPLETE OILFIELD SERVICES, LLC; CHRISTOPHER CARMAN; NICKEL ROCK, LLC; DEVONIAN SERVICES, LLC; HORLANDO URQUIDI; O&S TRUCKING, LLC; ENDEAVOR ENERGY RESOURCES, LP; ENDEAVOR PETROLEUM LLC; YVETTE OCHOA; ZACKORY OCHOA; and MARTIN OCHOA,<br>    *Defendants* | § § § § § § § § § § § § § § § § § § § §  **CASE NO. 1:24-CV-00020-DII** |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:    THE HONORABLE DISTRICT COURT**

Now before the Court are Claimants' Joint Emergency Motion for Remand, filed January 13, 2024 (Dkt. 11); Defendant Nickel Rock, LLC's Response, filed January 19, 2024 (Dkt. 13); and Claimants' Joint Reply, filed January 26, 2024 (Dkt. 18).[1] No Defendant other than Nickel Rock has filed a response to the Motion for Remand, which is ripe for consideration.

---

[1] By Text Order entered January 22, 2024, the District Court referred the Motion for Remand to this Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas. The District Court also referred Plaintiffs' Motion for Sanctions and/or Attorneys' Fees (Relating to Notice of Removal), which will be addressed in a separate report and recommendation after the deadline for Plaintiffs' reply brief has expired. Dkt. 17; Text Order entered January 23, 2024.

1

## I.     Background

On July 8, 2022, Plaintiffs Christian Golibart and Brooklyn Michelle filed this wrongful death action in the 428th District Court in Hays County, Texas against Defendants Complete Oilfield Services, LLC; Christopher Carman; Nickel Rock, LLC; Horlando Urquidi; O&S Trucking, LLC; Endeavor Energy Resources, LP; Yvette Ochoa; Zackory Ochoa; and Martin Ochoa. Dkt. 3-1 at 1-24. Intervenors Tifini Furst and Gayle Havel Blum filed their Original Petition in Intervention on September 1, 2022, adding claims against Defendants Devonian Services, LLC, and Endeavor Petroleum, LLC. Dkt. 3-1 at 70-118. Plaintiffs and Intervenors amended their petitions on December 8, 2023; their live pleadings are Plaintiffs' Second Amended Petition and Intervenors' First Amended Petition in Intervention. Dkt. 3-3 at 788-906.

Plaintiffs allege that Carman was driving a commercial tractor-trailer owned by Complete Oilfield Services on June 6, 2022, when he struck and killed Paul Golibart, who had parked his motorcycle on the side of a highway near Tarzan, Texas. *Id.* at 794-96. Plaintiffs also allege that Carman, who did not have a valid Commercial Driver's License, fled the scene and failed to stop to render aid, and was arrested for "felony accident involving a personal injury or death." *Id.* at 795, 797. Plaintiffs allege that Nickel Rock, a Texas commercial truck carrier and broker, was negligent in failing to use ordinary care in hiring and supervising Carman and Complete Oilfield Services. *Id.* at 789, 804, 825-27. Intervenors allege similar negligence claims. *Id.* at 893-95.

Nickel Rock removed the case to this Court on January 5, 2024. Dkt. 1. Nickel Rock asserts that the Court has federal question jurisdiction because Plaintiffs and Intervenors allege negligence claims arising out of Nickel Rock's services as a licensed freight broker. *Id.* ¶ 13. Nickel Rock contends that those claims raise a substantial question of federal law and are completely preempted by the Federal Aviation Administration Authorization Act ("FAAAA"). *Id.* ¶¶ 14-15, 24-25.

## II. Legal Standard

Under 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." District courts have original jurisdiction over two types of cases: those arising under federal law, and those in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties. 28 U.S.C. §§ 1331, 1332(a).

A district court must remand a case to state court if it determines that it lacks subject matter jurisdiction at any time before final judgment. 28 U.S.C. § 1447(c). On a motion to remand, a court also must remand if removal is procedurally defective, even if it otherwise would have original jurisdiction. *Lopez v. Truckers Transp. All., Inc.*, 465 F. Supp. 3d 689, 694 (W.D. Tex. 2020). The party that removed the case "bears the burden of showing that federal jurisdiction exists and that removal was proper." *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 212 (5th Cir. 2013) (citation omitted). The removal statute is construed strictly in favor of remand. *Id.*

## III. Analysis

Plaintiffs and Intervenors argue that this case should be remanded because removal was "egregiously untimely" under 28 U.S.C. § 1446(b)(1). Dkt. 11 at 2. They also contend that removal was substantively defective because the pleadings allege only state law claims and the FAAAA does not completely preempt state negligence claims against freight brokers. *Id.* In response, Nickel Rock argues that (1) its Notice of Removal was timely; (2) Plaintiffs and Intervenors are attempting to create a state law standard of care for a federally licensed freight broker that substantially interferes with interstate commerce; and (3) the issue of preemption raises a federal question, giving this Court jurisdiction. Dkt. 13 at 3. The Court's analysis begins and ends with Plaintiffs and Intervenors' argument that Nickel Rock's removal was untimely.

3

A removing defendant must file the notice of removal within 30 days after the receipt of the "initial pleading setting forth the claim for relief." 28 U.S.C. § 1446(b)(1). If "the case stated by the initial pleading is not removable," the defendant must file the notice within 30 days of receiving an amended pleading or other paper "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The defendant must file the notice of removal within 30 days of receiving the first document "that triggers the removal clock." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397-98 (5th Cir. 2013). The initial pleading will trigger the removal clock when "the basis for federal jurisdiction is evident 'on [the] face' of the complaint." *Par. of Plaquemines v. Chevron USA, Inc.*, 7 F.4th 362, 368 (5th Cir. 2021) (quoting *Leffall v. Dall. Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994)).

For removal based on federal issues in negligence claims against a freight broker or based on FAAAA preemption, the removal clock started running when Nickel Rock was served with Plaintiff's Original Petition if a negligence claim in its capacity as a freight broker was "evident on the face of the initial pleading." *Par. of Plaquemines*, 7 F.4th at 368; *see also Lopez*, 465 F. Supp. 3d at 698-99 (finding removal based on preemption untimely because an earlier petition "affirmatively revealed" negligence claims against the defendant "in its capacity as a broker").

In their Original Petition, Plaintiffs allege that Nickel Rock "was the trucking broker that facilitated the various transportation/freight jobs" by Carman for Complete Oilfield Services, including the job involved in the collision. Dkt. 3-1 at 7. Plaintiffs make many allegations of negligence against Nickel Rock in their Original Petition, including: "Failing to conduct due diligence in facilitating the transportation of caliche"; "Improperly selecting motor carriers"; "Failing to ensure that [Complete Oilfield Services and Carman] were compliant with the federal regulations and/or federal agencies"; negligent hiring, training, and supervision and monitoring;

and "Failing to have clear, concise, unambiguous, easily understood safety policies and procedures." *Id.* at 16-17.

It is evident from the face of the Original Petition that Plaintiffs asserted a claim that Nickel Rock, as a freight broker, "was negligent in the selection of Complete Oilfield Services, LLC as an independent contractor." Dkt. 13 at 2. Nickel Rock has not shown that the amended pleadings revealed "anything in support of federal jurisdiction that was not already revealed by" Plaintiffs' Original Petition. *Lopez*, 465 F. Supp. 3d at 699.

The Court finds that Nickel Rock has not shown that FAAAA preemption could not have been asserted within 30 days of its receipt of the Original Petition. Because Nickel Rock was served with the Original Petition on July 15, 2022, its removal on January 5, 2024 based on federal preemption is untimely. The Court recommends remand.[2]

## IV. Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Plaintiffs Christian Golibart and Brooklyn Michelle and Intervenors Tifini Furst and Gayle Havel Blum's Joint Emergency Motion for Remand (Dkt. 11) and **REMAND** this action to the 428th District Court in Hays County, Texas.

## V. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to

---

[2] Because removal was untimely, the Court does not consider Plaintiffs and Intervenors' argument that the FAAAA does not preempt their claims or that Nickel Rock did not obtain consent of all Defendants. *See Lopez*, 465 F. Supp. 3d at 699 n.6 ("[I]t is unnecessary to consider the [preemption] issue any further because removal is untimely.").

the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

    **SIGNED** on January 31, 2024.

                                                   SUSAN HIGHTOWER
                                                   UNITED STATES MAGISTRATE JUDGE